IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICKERS BEAUCHAMPS, | : | Civil No. 1:22-CV-01279 |
| Plaintiff, | : | |
| v. | : | |
| WILLIAM D. BECHTOLD, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant Lensbower's unopposed motion to dismiss Plaintiff's complaint. (Doc. 17.) For the reasons discussed below, the court will grant the unopposed motion to dismiss for failure to state a claim upon which relief can be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Nickers Beauchamps, ("Plaintiff"), an inmate currently housed at State Correctional Institution Huntingdon[1] ("SCI-Huntingdon"), initiated this action by filing a complaint under 42 U.S.C. § 1983 in August of 2022. (Doc. 1.) At the time Plaintiff filed the complaint, he was a pretrial detainee. (*Id.*, p. 2.)[2] The complaint named four defendants: (1) William D. Bechtold ("Bechtold"), Warden

---

[1] Plaintiff has failed to update the court with his current address. At the time of filing his complaint, he was housed at the Franklin County Jail. (Doc. 1.) His current address was located through the Pennsylvania Department of Corrections online inmate/parolee locator at https://inmatelocator.cor.pa.gov/#/.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

at FJC; (2) Jeff Scott ("Scott"), Deputy Warden at Franklin County Jail ("FCJ"); (3) Michelle Weller ("Weller"), Deputy Warden at FCJ; and (4) Justin M Lensbower ("Lensbower"), Health Services Administrator at FCJ. (*Id.*, pp. 2–3.) Plaintiff alleged that he told Defendant Lensbower of his need for glasses, and that Defendant Lensbower told him he would be seen in January[3], but nothing was done. (*Id.*, pp. 4–5.) He asserts that he filed a grievance, but Defendant Lensbower denied it because an appointment had been scheduled. (*Id.*, p. 5.) He further asserts that he was not allowed to appeal the denial. (*Id.*) He asserts that he experienced blurry vision, eye pain, and headaches. (*Id.*)

The complaint was screened under 28 U.S.C. § 1915(e)(2)(B)(ii) on October 24, 2022, and all claims against Defendants Bechtold, Scott, and Weller were dismissed without prejudice for lack of alleged personal involvement. (Doc. 9.) Plaintiff was granted time to file an amended complaint to cure the defects in his pleading against these three Defendants. (*Id.*) He failed to file an amended complaint. Therefore, the complaint was served on Defendant Lensbower, the sole Defendant who survived the 28 U.S.C. § 1915(e)(2)(B)(ii) screening. (Docs. 10, 12.)

Defendant Lensbower filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil

---

[3] Plaintiff failed to provide a year. (Doc. 1, pp. 4–5.)

Procedure 12(b)(6) on November 11, 2023.  (Doc. 17.)  Simultaneously, Defendant Lensbower filed a brief in support of his motion.  (Doc. 18.)  Plaintiff failed to file a brief in opposition as required under Local Rule 7.6.  Therefore, the court entered an order on February 7, 2023 directing Plaintiff to file a brief in opposition within fourteen days or the court would deem the motion to dismiss unopposed.  (Doc. 21.)  Plaintiff failed to file a brief in opposition.  As such, Defendant Lensbower's motion is unopposed, and will be granted by the court for the following reasons.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Franklin County Jail, located in Franklin County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

4

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

The facts alleged in Plaintiff's complaint give rise to a deliberate indifference to a serious medical need claim. (Doc. 1, pp. 4–7.) Plaintiff alleges that he was a pretrial detainee at the time of the events at issue. (*Id*., p. 2.) An inmate awaiting sentencing must look to the Due Process Clause in either the Fifth Amendment or the Fourteenth Amendment for relief. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979).

The Third Circuit's standard for evaluating a pretrial detainee's claim of inadequate medical treatment under the Due Process Clause is not entirely clear. Due process rights of a pretrial detainee are at least as great as the Eighth Amendment rights of convicted prisoners. *See Montgomery v. Ray*, 145 F. App'x 738, 740 (3d Cir. 2005). The Third Circuit has suggested that the appropriate standard is "whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of guilt," *id.*, implying culpability under the Fifth Amendment. However, the Third Circuit has also evaluated medical care claims raised by pretrial detainees under the Fourteenth Amendment using the Eighth Amendment standard. *See Hubbard v. Taylor*, 399 F.3d 150, 166 n. 22 (3d Cir. 2005) ("[E]ven though the constitutional protections afforded [to] prisoners and pretrial detainees against inadequate medical care arise from [the prohibition on cruel and unusual punishment and due process, respectively], the standards governing the provision of medical care to each class are similar.").

Since the Due Process rights of pretrial detainees are at least as great as the Eighth Amendment rights of convicted prisoners, *Ray*, 145 F. App'x at 740, the court will review the complaint under the Eighth Amendment standard. Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05

(1976).  To sustain a constitutional claim under the Eighth Amendment for deliberate indifference to a serious medical need, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

    Here, Defendant Lensbower asserts that Plaintiff's allegations fail to meet both elements of a deliberate indifference claim.  First, he argues that Plaintiff has failed to allege the existence of a serious medical condition.  Defendant Lensbower asserts that requiring prescription glasses, without more, does not rise to the level of a serious medical condition.  (Doc. 18, p. 9); s*ee Borrelli v. Askey*, 582 F. Supp. 512 (E.D. Pa. 1984).  However, the Third Circuit has found that when the uncorrected visual impairment is severe enough to cause dangerous conditions for the inmate, then a jury could find that such optometry needs are serious.  *Tormasi v. Hayman*, 452 Fed. App'x. 203, 206 (3d Cir. 2011) ("Tormasi's vision was

significantly blurred, resulting in dizziness and imbalance that caused him to fall and walk into objects. On one occasion, he fell due to this inability to see and dislocated his jaw.") Here, Plaintiff alleges that his uncorrected visual impairment caused headaches, blurry vision, and eye pain. (Doc. 1, p. 5.) However, the allegations fail to allege any significant danger resulting from these symptoms that rise to the level described in *Tormasi*. Therefore, the court finds that Plaintiff's complaint fails to allege that he has a serious medical condition.

Second, Defendant Lensbower argues that Plaintiff has failed to allege that he was deliberately indifferent to the medical condition. Plaintiff's allegation is that he asked Defendant Lensbower about his glasses, and Defendant Lensbower told him an appointment was made for January. (*Id*., pp. 4.) Plaintiff then alleges that he filed a grievance which was denied by Defendant Lensbower because an appointment had been scheduled. (*Id*., pp. 4–5.) Here, the alleged conduct of Defendant Lensbower did not rise to the level of deliberate indifference. When asked, he informed Plaintiff that an appointment was scheduled. He then repeated this in his response to Plaintiff's grievance. These alleged facts fail to demonstrate that Defendant Lensbower disregarded Plaintiff's need for glasses. As such, the deliberate indifference claim against Defendant Lensbower will be dismissed.

## CONCLUSION

For the above stated reasons, the claim against the sole remaining defendant, Defendant Lensbower, will be dismissed. The Third Circuit has found that a self-represented plaintiff may be granted leave to file an amended complaint even when he does not seek leave to amend. *Phillips*, 515 F.3d at 245. However, here Plaintiff failed to previously amend his complaint when granted the opportunity and he failed to follow the court's prior order directing him to respond to Defendant Lensbower's motion to dismiss. Furthermore, he failed to update the court of his change of address as ordered on November 14, 2022. (Doc. 10.) Therefore, the court determines that any opportunity to amend would be futile based on Plaintiff's failure to prosecute this action. Plaintiff's sole remaining claim will be dismissed with prejudice.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: August 7, 2023